IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JON HUMES,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE CITY,<br><br>    Defendant. | **MEMORANDUM DECISION<br>& DISMISSAL ORDER**<br><br>Case No. 2:18-cv-160-JNP<br><br>District Judge Jill N. Parrish |

  Plaintiff, a California inmate, filed this *pro se* civil-rights suit, *see* 42 U.S.C.S. § 1983 (2020), proceeding *in forma pauperis*, *see* 28 U.S.C.S. § 1915. Screening the Complaint, (ECF No. 1), under its statutory review function, 28 U.S.C.S. § 1915A (2020), the court concluded that Plaintiff must cure several deficiencies in an amended complaint. (ECF No. 13.) In response, Plaintiff filed an Amended Complaint, (ECF No. 18), which the court now screens.

  In his Amended Complaint, Plaintiff again names as sole defendant Salt Lake City ("SLC"), though the court warned him in past orders that he had not affirmatively linked SLC to a civil-rights violation and had not "established a direct causal link between his alleged injuries and any custom or policy of Salt Lake City." (ECF Nos. 13, 17.) Plaintiff's Amended Complaint still mirrored these same fatal flaws, instead of naming the individual SLC police officer who allegedly beat, invalidly arrested, and kidnapped him.

  To be valid, the Amended Complaint must clearly state what the defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating that personal participation of each defendant is essential allegation). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*,

338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Moreover, Plaintiff may not name a defendant based solely on supervisory status. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating that supervisory status alone is insufficient to support liability under § 1983).

Further, to establish liability of local-government entities, such as SLC, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Local governmental entities may not be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not tied any material facts to SLC. Nor has he suggested a direct causal link between his alleged injuries and any SLC custom or policy. Any claims against SLC may not survive these omissions; they are thus dismissed.

**IT IS ORDERED** that, for failure to state a claim upon which relief may be granted, sole Defendant SLC is **DISMISSED**. *See* 28 U.S.C.S. § 1915(e)(2)(ii) (2020). This action is **CLOSED**.

DATED November 2, 2020.

BY THE COURT:

Jill N. Parrish
United States District Court Judge